Filing # 52413522 E-Filed 02/13/2017 02:00:57 PM

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT, IN AND FOR ORANGE COUNTY, FLORIDA

CASE NO.:

ALICE COURSON,

    Plaintiff,

vs.

BLUESTEM BRANDS, INC.
D/B/A FINGERHUT.

    Defendant.

_____/

## COMPLAINT

COMES NOW The Plaintiff, Alice Courson, by and through undersigned counsel, and sues Bluestem Brands, Inc. d/b/a Fingerhut, (hereafter Bluestem), and alleges:

1. This is an action for damages greater than $15,000.00, exclusive of interest, costs and attorney's fees.

2. At all times material hereto, Defendant, Bluestem Brands, Inc. was and is a Delaware Corporation. Bluestem does business as Fingerhut and under this name sells goods via mail order on a national basis. Bluestem purchased TV ads broadcast into Florida, sells goods to Floridians, and collects debts owed by Floridians.

3. The Plaintiff is a resident of Orange County, Florida.

4. Bluestem sold a grill to the Plaintiff under an installment contract.

5. After making one or more payments due on the grill the Plaintiff lost her job and her ability to make payments due to Bluestem.

1

## COUNT I. – VIOLATION OF THE TELEPHONE CONSUMER PROTECTION STATUTE

Plaintiff realleges paragraphs One to Four as set forth above.

6. The Telephone Consumer Protection Act (TCPA) 47 U.S.C 227, provides in pertinent part:

> (b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.— (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> …(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call

7. The Plaintiff's Cellular/Mobile Phone number at all times material hereto was (407) 692-8467.

8. Defendant used automatic telephone dialing equipment to call the Plaintiff's cellular telephone number on numerous occasions including but not limited to the following occasions:

   1) FINGERHUT 8005032463    10/31/2014 01:04:58 PM
   2) FINGERHUT 8005032463    10/31/2014 03:02:39 PM
   3) FINGERHUT 8005032463    10/31/2014 06:07:03 PM
   4) FINGERHUT 8005032463    11/01/2014 09:33:38 AM
   5) FINGERHUT 8005032463    11/01/2014 01:37:05 PM
   6) FINGERHUT 8005032463    11/02/2014 02:43:58 PM
   7) FINGERHUT 8005032463    11/02/2014 06:18:36 PM
   8) FINGERHUT 8005032463    11/02/2014 08:51:23 PM
   9) FINGERHUT 8005032463    11/03/2014 09:09:37 AM
   10) FINGERHUT 8005032463   11/03/2014 12:21:07 PM
   11) FINGERHUT 8005032463   11/03/2014 03:52:12 PM
   12) FINGERHUT 8005032463   11/03/2014 05:27:22 PM
   13) FINGERHUT 8005032463   11/04/2014 08:59:15 AM

```
14) FINGERHUT 8005032463    11/04/2014 05:45:01 PM
15) FINGERHUT 8005032463    11/05/2014 08:40:29 AM
16) FINGERHUT 8005032463    11/05/2014 12:45:43 PM
17) FINGERHUT 8005032463    11/05/2014 04:02:41 PM
18) FINGERHUT 8005032463    11/05/2014 05:48:00 PM
19) FINGERHUT 8005032463    11/06/2014 08:55:59 AM
20) FINGERHUT 8005032463    11/06/2014 12:41:26 PM
21) FINGERHUT 8005032463    11/06/2014 03:57:24 PM
22) FINGERHUT 8005032463    11/06/2014 05:49:44 PM
23) FINGERHUT 8005032463    11/07/2014 08:45:43 AM
24) FINGERHUT 8005032463    11/07/2014 12:50:36 PM
25) FINGERHUT 8005032463    11/07/2014 04:03:01 PM
26) FINGERHUT 8005032463    11/07/2014 06:24:38 PM
27) FINGERHUT 8005032463    11/08/2014 10:53:34 AM
28) FINGERHUT 8005032463    11/08/2014 01:24:10 PM
29) FINGERHUT 8005032463    11/09/2014 02:41:20 PM
30) FINGERHUT 8005032463    11/09/2014 05:41:53 PM
31) FINGERHUT 8005032463    11/09/2014 07:43:30 PM
32) FINGERHUT 8005032463 *  11/10/2014 09:46:27 AM
33) FINGERHUT 8005032463    11/10/2014 12:53:58 PM
34) FINGERHUT 8005032463    11/10/2014 04:01:19 PM
35) FINGERHUT 8005032463    11/10/2014 05:24:59 PM
36) FINGERHUT 8005032463    11/11/2014 09:14:17 AM
37) FINGERHUT 8005032463    11/11/2014 10:15:20 AM
38) FINGERHUT 8005032463    11/11/2014 10:20:23 AM
39) FINGERHUT 8005032463    11/11/2014 01:06:32 PM
40) FINGERHUT 8005032463    11/11/2014 04:14:55 PM
41) FINGERHUT 8005032463    11/11/2014 05:29:05 PM
42) FINGERHUT 8005032463    11/12/2014 08:39:59 AM
43) FINGERHUT 8005032463    11/12/2014 11:11:33 AM
44) FINGERHUT 8005032463    11/12/2014 01:45:30 PM
45) FINGERHUT 8005032463    11/12/2014 06:35:23 PM
46) FINGERHUT 8005032463    11/13/2014 09:05:45 AM
47) FINGERHUT 8005032463    11/13/2014 01:12:42 PM
48) FINGERHUT 8005032463    11/13/2014 05:56:01 PM
49) FINGERHUT 8005032463    11/13/2014 08:11:10 PM
50) FINGERHUT 8005032463    11/14/2014 08:42:40 AM
51) FINGERHUT 8005032463    11/14/2014 02:33:18 PM
52) FINGERHUT 8668368987    11/14/2014 07:36:04 PM
53) FINGERHUT 8668368987    11/15/2014 11:10:16 AM
54) FINGERHUT 8668368987    11/15/2014 02:29:40 PM
55) FINGERHUT 8668368987    11/16/2014 03:47:33 PM
56) FINGERHUT 8668368987    11/16/2014 07:55:36 PM
57) FINGERHUT 8668368987    11/17/2014 09:04:27 AM
58) FINGERHUT 8668368987    11/17/2014 12:43:50 PM
59) FINGERHUT 8668368987    11/17/2014 03:39:04 PM
```

9. The Plaintiff never gave Defendant permission to call Plaintiff's cellular phone.

10. When the Plaintiff realized Defendants calls were not the result of an isolated mistake the Plaintiff instructed the Defendant to cease all calls to the Plaintiff's cell phone and the Defendant despite Plaintiff's instruction continued to call the Plaintiff.

11. If the Defendant ever had consent or implied consent to call the Plaintiff such consent was revoked by the Plaintiff when Plaintiff instructed the Defendant to stop calling the Plaintiff.

12. Those calls that were made after Plaintiff instructed Defendant to stop were willful.

13. Pursuant to the TCPA the Plaintiff is entitled to recover from the Defendant $500.00 per call for each call and for any call that was not willful. For such calls that were willful the Plaintiff respectfully requests such per call sum be trebled pursuant to 47 USC 227(b)(3)(C), to $1,500.00 per call.

### COUNT II – COMMON LAW INVASION OF PRIVACY

Plaintiff realleges paragraphs One to Four, Seven, and Eight as set forth above.

14. The common law tort of invasion of privacy recognizes that intrusion upon a person's right to seclusion of solitude is actionable.

15. While a single call to consumer's home or cell phone does not ordinarily invade a consumer's privacy, a consumer when making a purchase has no expectation that a failure to make payment could result in frequent or constant calls from a creditor or debt collector.

16. When Plaintiff Courson purchased a grill from Bluestem d/b/a Fingerhut, she had every intention of making the installment payments she agreed to.

17. After making one or more payments Courson lost her job and lacked sufficient funds to make the payment due to Bluestem, and still pay for the necessities such that she would have food, shelter, electricity, and transportation.

18. The 59 calls made by Defendant in a mere 18 days, were an intrusion on Plaintiff's seclusion and solitude.

19. The Defendant made such calls with a high rate of frequency as a business tactic to coerce the Plaintiff to make a payment. The frequency of the call was a deliberate attempt to harass the Plaintiff such that the Plaintiff would make a payment as the quid pro quo to make the calls stop.

20. The calls deprived the Plaintiff of her privacy and quiet at a time when she lost her job and was already stressed and anxious.

21. The frequency of the calls was unreasonable.

22. As a result of Defendant calling the Plaintiff in an increasingly frequent, aggressive and hostile manner, the Plaintiff lost her privacy and solitude and suffered stress, anxiety, embarrassment, confusion, and shame.

23. The Plaintiff sustained damages as a result of her Defendant's invasion of her privacy.

**WHEREFORE**, the Plaintiff, Alice Courson, demands judgment for damages together with interest, costs and any and all further relief as this Court deems just and proper, and further demands a trial by jury on all issues.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to Defendant herein through service of process.

**SHUSTER & SABEN, LLC**

*/s/ Richard Shuster*
RICHARD SHUSTER, ESQUIRE
Fla. Bar No.: 045713
1413 South Patrick Drive, Suite 7
Satellite Beach, Florida 32937
Telephone: 321-622-5040
Fax Number: 877-335-4747
Primary: richshuster@gmail.com
Secondary: assistant2richardshuster@gmail.com
Attorney for Plaintiff